UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Shari L. Dembin and Burton T. Fried,** | : |
| Plaintiff, | : |
| | : Civil Action No.: 3:11-cv-01855 (JBA) |
| v. | : |
| **LVI Services, Inc., LVI Parent Corp., and Scott E. State,** | : |
| | : February 15, 2012 |
| Defendants. | : |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Complaint Filed:                       November 30, 2011
Complaint Served on Defendants:        December 28, 2011
Date of Defendants' Appearances:       December 29, 2011

Pursuant to §§16(b) and 26(f) of both the Fed. R. Civ. P. and the D. Conn. L. Civ. R., a telephone conference was held on January 30, 2012. The participants were:

For Plaintiff Burton T. Fried ("Plaintiff"):[1]

Shaffin A. Datoo
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003
Tel: 212.257.6800

For Defendants LVI Services Inc. ("LVI"), LVI Parent Corp. ("LVI Parent") and Scott State (collectively, "the Defendants"):

Deborah DeHart Cannavino          Nicholas H. De Baun
Littler Mendelson, P.C.           Michael D. Mann
265 Church Street, Suite 300      Sidley Austin LLP
New Haven, CT 06510               787 Seventh Avenue
203.974.8700                      New York, NY 10019
                                  212.839.5300

---

[1] On January 9, 2012, Plaintiff Shari L. Dembin filed a Stipulation of Discontinuance and Dismissal with Prejudice, dismissing her from this action.

I.  **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **JURISDICTION**

   A. **Subject Matter Jurisdiction**

Plaintiff's Complaint asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1332, inasmuch as there is complete diversity of citizenship between Plaintiff, a resident of Connecticut, and all Defendants, and this action involves an amount in controversy in excess of $75,000, exclusive of interest and costs.

   B. **Personal Jurisdiction**

Personal jurisdiction is not contested.

III. **BRIEF DESCRIPTION OF THE CASE**

   A. **Claims of the Plaintiff**

Plaintiff Burton T. Fried sets forth the following claims: (1) that Defendants stripped him of his duties and discharged him because of his age in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 *et seq.* ("CFEPA"); and (2) that Defendants retaliated against Plaintiff by discharging him in violation of CFEPA.

   B. **Defenses of Defendants**

Defendants deny that they engaged in any unlawful activity with respect to Plaintiff. Instead, Plaintiff was terminated for a legitimate, non-discriminatory business reason. Additionally, Defendants did not retaliate against Plaintiff for his allegedly engaging in protected

activity. Defendants also believe each of Plaintiff's claims have been fully litigated in the action captioned *Burton T. Fried v. LVI Services, Inc., et al.*, 10-cv-09308 (S.D.N.Y.) (JSR) and thus barred by the doctrines of *res judicata*, collateral estoppel and laches. Plaintiff has also failed to exhaust his administrative remedy as to defendant Scott State. Defendants reserve the right to add such other and/or future defenses that might be applicable as this matter goes forward.

    C.    **Defenses and Claims of Third-Party Defendant(s)**

Not applicable.

IV.    **STATEMENT OF UNDISPUTED FACTS**

1. LVI Services Inc. ("LVI") is an environmental remediation company, with its principal place of business in the State of New York.

2. LVI Parent Corp. ("LVI Parent") is the sole shareholder of LVI Services. LVI Parent is incorporated in Delaware, with its principal place of business in the State of New York.

3. Scott State is a resident of the State of Colorado, currently a member of the Board of Directors of LVI Parent ("Board"), and is employed as President and CEO of LVI.

4. Burton T. Fried ("Fried") is a 71 year-old man, born in February 1940.

5. Fried was employed by LVI from on or about January 1, 1986 through November 30, 2010, and held several positions throughout his employment, including General Counsel, President and CEO, interim President and CEO and Chairman.

6. Fried worked out of LVI's New York City office for most of his employment.

7. LVI was sold to Code Hennessy Simmons LLC ("CHS") in November 2005.

8. LVI and Fried entered into an agreement, dated November 16, 2005.

9. In or around June 2006, Robert McNamara was hired as President and CEO of LVI. At that time, Fried assumed the position of Chairman of LVI.

10. Robert McNamara resigned from his position of President and CEO of LVI in or around April 2010 and at this time, Fried assumed the position of interim President and CEO until the hire of a new President and CEO.

11. On or about September 23, 2010, State accepted the offer of employment with LVI as President and CEO, and Fried returned to the Chairman role.

12. State assumed the role of President and CEO on October 1, 2010.

13. On or about October 19, 2010, Fried met with State to discuss his future duties as Chairman.

14. On or about November 4, 2010, a regularly scheduled LVI Board meeting occurred, at which several matters were discussed, including Fried's role at LVI.

15. A letter from Fried's counsel was hand delivered to State on or about November 15, 2010.

16. On or about November 16, 2010, Simmons sent Fried a letter which informed Fried that effective November 30, 2010, his employment with LVI Services would terminate, but that he would continue in his role as non-executive Chairman of the Board of LVI Parent Corp.

17. LVI terminated Fried's employment with LVI on November 30, 2010.

18. On December 13, 2010, Fried filed a lawsuit in the U.S. District Court for the Southern District of New York against LVI Services, Inc., LVI Parent Corp., Code Hennessy Simmons LLC ("CHS Private Equity"), Apollo Investment Corp., Scott E. State, Brian Simmons, Rajay Bagaria, and Gerald Girardi, alleging, among other things, that he had been discriminated against because of his age, and retaliated against for complaining of discrimination.

19. On December 13, 2010, Fried also filed charges of discrimination with the U.S.

Equal Employment Opportunity Commission, alleging that he had been subjected to discrimination in violation of Title VII and the Age Discrimination in Employment Act.

20. On February 3, 2011, Fried filed an amended complaint.

21. On April 1, 2011, U.S. District Judge Jed S. Rakoff dismissed the entire amended complaint with respect to defendants Apollo Investment Corp. and CHS Private Equity.

22. On May 16, 2011, Fried filed charges of discrimination with the Connecticut Human Rights Office, alleging that he had been discriminated against because of his age and retaliated against, in violation of state law.

23. On September 2, 2011, Judge Rakoff granted summary judgment, in part, dismissing all of Plaintiff's claims against Defendants LVI, LVI Parent, State, Simmons, Bagaria and Girardi, with the exception of Fried's retaliation claim as to the termination of his daughter, Shari Dembin.

24. On October 3, 2011, Judge Rakoff issued an opinion and order pursuant to his September 2, 2011 ruling.

25. On October 27, 2011, the parties stipulated to a voluntary dismissal of Fried's remaining retaliation claim, as it related to the termination of Dembin.

26. On November 14, 2011, Fried filed a Notice of Appeal in the Southern District of New York to the Second Circuit as to the claims dismissed by Judge Rakoff on summary judgment. Fried's appeal is currently pending in the U.S. Court of Appeals for the Second Circuit.

V. **CASE MANAGEMENT PLAN**

  A. **Initial Disclosures**

  The parties agree to waive initial disclosures.

**B.     Standing Order on Scheduling Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

**C.     Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**D.     Early Settlement Conference**

The parties certify that they have considered the desirability of attempting to settle the case before undertaking motion practice. Settlement is unlikely at this time.

The parties do not request an early settlement conference.

The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

**E.     Joinder of Parties and Amendment of Pleadings**

Plaintiffs do not anticipate moving to join additional parties or to amend the pleadings at this time. Defendants do not anticipate moving to join additional parties.

**F.     Discovery**

The parties do not anticipate that any discovery will be needed in this action, and will instead rely on the discovery taken in the civil actions captioned *Fried v. LVI Services Inc., et al.*, No. 10 Civ. 9308 (JSR) (S.D.N.Y.) (Rakoff, J.) and *Dembin v. LVI Services Inc., et al.*, No. 11 Civ. 1888 (JSR) (S.D.N.Y.) (Rakoff, J.). The parties will continue to abide by the terms of the protective orders entered in the aforementioned actions. The parties do, however, reserve (i) the right to seek limited discovery, if necessary, on issues that may arise during the course of litigation, and (ii) the right to object to individual discovery requests as appropriate.

### G. Dispositive Motions

Dispositive motions will be filed on or before April 5, 2012. Opposition to dispositive motions will be filed on or before May 3, 2012. Any reply will be filed on or before May 17, 2012.

### H. Expert Discovery

The parties may call expert witnesses at trial. If the parties decide to call any expert witnesses as part of their case-in-chief ("Initial Experts"), they will designate all trial experts within 10 days of the Court's ruling on dispositive motions. Reports from Initial Experts pursuant to Fed. R. Civ. P. 26(a)(2) will be exchanged within 40 days of the Court's ruling on dispositive motions. Rebuttal expert witnesses will be designated by the parties within 15 days thereafter. Reports from rebuttal expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) will be exchanged within 30 days thereafter. Depositions of any such experts will be completed within 100 days of the Court's ruling on dispositive motions.

A damages analysis will be provided by any party who has a claim or counterclaim for damages within 100 days of the Court's ruling on dispositive motions if a party designates an expert, or within 60 days of the Court's ruling on dispositive motions if no party designates an expert.

### I. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days of the Court's ruling on any dispositive motion if no expert is designated, or, if an expert is designated, within 30 days of the close of expert discovery.

## VI. TRIAL READINESS

The case will be ready for trial within sixty (60) days after the filing of the joint trial

memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

**The Plaintiff,**

*/s/* Todd Steigman
Todd Steigman (CT26875)
Madsen, Prestley, & Parenteau, LLC
44 Capital Ave., 2nd Floor
Hartford, CT 06106
Tel: 860.246.2466
Fax: 860.246.1794
Email: tsteigman@mppjustice.com

*/s/* Shaffin A. Datoo
Shaffin A. Datoo *
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003
Tel: 212.257.6800
sdatoo@thompsonwigdor.com

**The Defendants,**

*/s/* Deborah DeHart Cannavino
Deborah DeHart Cannavino (CT08144)
dcannavino@littler.com
Matthew K. Curtin (CT27765)
mcurtin@littler.com
LITTLER MENDELSON, P.C.
A Professional Corporation
One Century Tower
265 Church Street
Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799

8.

Attorney for Defendants

/s/ Nicholas De Baun
Nicholas De Baun (PHV05223)*
ndebaun@sidley.com
Michael D. Mann (PHV02157)*
mdmann@sidley.com
SIDLEY AUSTIN LLP.
787 Seventh Avenue
New York, NY  10019
Telephone: 212.839.5300
Facsimile: 212.839.5599
Attorneys for Defendants


*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

        */s/* Deborah DeHart Cannavino
        Deborah Dehart Cannavino (CT08144)
        dcannavino@littler.com
        LITTLER MENDELSON, P.C.
        One Century Tower
        265 Church Street
        Suite 300
        New Haven, CT 06510
        Telephone: 203.974.8700
        Facsimile: 203.974.8799

Firmwide:109349339.1 069969.1001