UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARI L. DEMBIN and BURTON T. FRIED, | |
| Plaintiffs, | CIVIL NO.: 3:11-CV-01855-JBA |
| v. | |
| LVI SERVICES INC., LVI PARENT CORP., and SCOTT E. STATE, | APRIL 26, 2012 |
| Defendants. | |

## DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut, Defendants LVI Services, Inc. ("LVI"), LVI Parent Corp. ("LVI Parent"), and Scott E. State ("State") (collectively referred to as the "Defendants"), hereby set forth material facts as to which they contend there exists no genuine issue to be tried.

1. LVI Services is an environmental remediation company, with its principal place of business in the state of New York. (Complaint dated November 30, 2011 (the "Compl.") ¶¶ 9, 12; Answer to Complaint dated February 16, 2012 (the "Answer") ¶¶ 9, 12.)

2. LVI Parent is the sole shareholder of LVI Services. LVI Parent Corp. is incorporated in Delaware, with its principal place of business in New York. (Compl., ¶ 10; Answer, ¶ 10.)

3. Scott State is a resident of the State of Colorado, currently a member of the Board of Directors of LVI Parent ("Board"), is employed as President and CEO of LVI and was 47 years old during the relevant period of this lawsuit. (Compl., ¶ 11; Answer, ¶ 11.)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARI L. DEMBIN and BURTON T. FRIED,

    Plaintiffs,

v.

LVI SERVICES, INC., LVI PARENT CORP., and SCOTT E. STATE,

    Defendants.

CIVIL NO.: 3:11-CV-01855-JBA

APRIL 26, 2012

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Civil Rule 56 of the United States District Court for the District of Connecticut, defendants LVI Services, Inc. ("LVI"), LVI Parent Corp. ("LVI Parent") and Scott E. State (collectively, the "Defendants") respectfully move for summary judgment on plaintiff Burton T. Fried's ("Plaintiff") Complaint dated November 30, 2011 ("Complaint"). In his Complaint, Plaintiff alleges Defendants violated his rights under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-51, *et seq.* ("CFEPA").

This action follows Plaintiff's unsuccessful pursuit of factually identical allegations in *Fried v. LVI Services, et al.*, 10-cv-9308 (S.D.N.Y.) (JSR), an action formerly pending in the United States District Court for the Southern District of New York, on which summary judgment has been granted, and an appeal is pending. No new facts or issues have come to light, only a new theory of liability under the CFEPA. Plaintiff had a full and fair opportunity to litigate his claims under the CFEPA, and that he chose not to do so precludes this action, in its entirety,

*ORAL ARGUMENT REQUESTED*

4. Burton T. Fried was a 71 year-old man, born in February 1940, during the relevant period of this lawsuit. (Compl., ¶ 13; Answer, ¶ 13.)

5. Fried was employed by LVI from on or about January 1, 1986 through November 30, 2010, and held several positions throughout his employment, including General Counsel, President and CEO, interim President and CEO and Chairman. (Compl., ¶ 13; Answer, ¶ 13.)

6. Fried worked out of LVI's New York City office for most of his employment, with the exception of his last seven years with LVI, during which he worked out of LVI's satellite office in Westport, Connecticut. (Compl., ¶ 9; Answer, ¶ 9.)

7. LVI was sold to Code Hennessy Simmons LLC ("CHS") in November 2005. At that time Fried stated his wish to relinquish his day-to-day operational responsibilities and was involved in the search for his replacement as President and CEO. (Compl., ¶ 14; Answer, ¶ 14; Pl. Tr., pp. 74-75, 81; Mann Aff., Exh. D, p. 3.)

8. LVI and Fried entered into an agreement, dated November 16, 2005, which stated that in Fried's new role as Chairman, he would have primary responsibility for "strategic growth", at the direction of the new CEO. (Compl., ¶ 14; Mann Aff., Exh. E; Pl. Tr., pp. 79-81.)

9. As an at-will employer, LVI retained at all times the discretion to alter Fried's duties and responsibilities and to terminate Fried's employment without notice or reason. (Mann Aff., Exh. E; Pl. Tr., pp. 83-84.)

10. In June 2006, Robert McNamara was hired as President and CEO of LVI, and Fried resigned from the position of President and CEO and assumed the position of Chairman. (Compl., ¶ 15; Answer, ¶ 15; Pl. Tr., p. 77.)

11. When Fried assumed the position of Chairman, he agreed to a reduction of his work schedule and to a 20% reduction in his compensation. (Pl. Tr. p. 109.)

under the sound principles of res judicata and collateral estoppel. To the extent Plaintiff's claims are not legally barred, which they are, Plaintiff cannot set forth a *prima facie* case of discrimination or retaliation under the CFEPA.

For all the reasons detailed in Defendants' Memorandum of Law in Support of Summary Judgment that Defendants file with this Motion, this Court should grant summary judgment in favor of Defendants, dismissing Plaintiff's Complaint in its entirety.

Dated: April 26, 2012

By: *[signature]*

Michael D. Mann (phv02157)
(mdmann@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Deborah Dehart Cannavino (CT08144)
(dcannavino@littler.com)
Matthew K. Curtin (CT27765)
(mcurtin@littler.com)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
(203) 974-8700

*Attorneys for Defendants*
*LVI Services Inc., LVI Parent Corp.,*
*and Scott E. State*

2

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____
Michael D. Mann (phv02157)
(mdmann@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

12. Robert McNamara resigned from his position of President and CEO of LVI in April 2010 and at this time Fried assumed the position of interim President and CEO until the hire of a new President and CEO. (Compl., ¶ 17; Answer, ¶ 17; Pl. Tr., pp. 110-12.)

13. When Fried resumed the position of interim President and CEO, his compensation returned to its previous level, and he participated in the continued search for a new President and CEO. (Compl., ¶ 17; Answer, ¶ 17; Pl. Tr., p. 111.)

14. Fried, who had known State for a number of years, identified him as a candidate for the position and introduced State to LVI and the Board. (Compl., ¶ 19; Pl. Tr., pp. 116-17.)

15. State was one of three finalists for the job and ultimately became the choice of Fried and LVI's management. (Pl Tr., pp. 121-22.)

16. While LVI was searching for a replacement CEO, Fried participated in negotiations in connection with the restructuring and recapitalization of LVI in 2010. Simmons acknowledged the contribution of several employees, including Fried, in connection with the restructuring and recapitalization of LVI in 2010. (Compl., ¶ 18; Answer, ¶ 18.)

17. Upon Fried's recommendation, the Board agreed to offer State the position of President and CEO. (Compl., ¶ 23; Pl. Tr., pp. 121-22.)

18. During the employment negotiations, State requested to speak to Fried to ensure that he would have the authority as CEO to align his team and manage the business without Fried's interference. (Mann Aff., Exh. A.)

19. Fried emailed Simmons to tell him that he had spoken to State and that State "now ha[d] no concern about [his] support in his role as CEO." (Mann Aff., Exh. F.)

3

20. On or about September 23, 2010, State accepted the offer of employment with LVI as President and CEO and Fried returned to the Chairman role. (Compl., ¶ 23; Answer, ¶ 23.)

21. State assumed the role of President and CEO on October 1, 2010. (Mann Aff., Exh. H; Compl., ¶ 23.)

22. On or about October 5, 2010, State and Fried agreed to meet on October 19, 2010 to discuss transition issues, including Fried's future duties as Chairman. (Mann Aff., Exh. O.)

23. On or about October 14, 2010, Fried sent State an unsolicited email listing purported responsibilities he handled as Chairman under McNamara. (Mann Aff., Exh. P.)

24. On or about October 19, 2010, State and Fried discussed Fried's proper duties as Chairman and the transition of other duties to members of LVI's management. (Compl., ¶ 24; Answer, ¶ 24; Pl. Tr., pp. 163-64.)

25. On or about October 28, 2010, at Simmons's request, Fried sent Simmons the list of responsibilities prepared for Fried's meeting with State to distribute to the Board of Directors. (Mann Aff., Exh. S.)

26. On November 2, 2010, Simmons, on behalf of the Board, responded to Fried's list of responsibilities. He stated that the list was more expansive than what he had envisioned, and further proposed to replace Fried's existing employment agreement with a consulting agreement. ( Mann Aff., Exh. T.)

27. On November 4, 2010, a regularly scheduled LVI Board meeting occurred, at which several matters were discussed, including Fried's role at LVI. (Compl., ¶ 30; Answer, ¶ 30; Pl. Tr., p. 229.)

28. A letter from Fried's counsel was sent to State on or about November 15, 2010. (Compl., ¶ 33; Answer, ¶ 33; Mann Aff., Exh. Z.)

29. On or about November 16, 2010, Simmons sent Fried a letter proposing that Fried would transition from his role as an employee of LVI to the dual role of non-executive Chairman of the Board and of consultant. (Mann Aff., Exh. Y, pp. 3-6.) The agreement proposed that Fried be paid an annual retainer of $150,000, plus $250 per hour for time spent in his consulting role. (Mann Aff., Exh. Y.)

30. On or about November 30, 2010, Fried submitted to Gregory DiCarlo his resignation of all officer/directors positions for all LVI entities. (Mann Aff., Exh. AA.)

31. LVI terminated Fried's employment with LVI on November 30, 2010, but continued to offer Fried the consultancy arrangement through counsel. (Compl., ¶ 35; Answer, ¶ 35.)

32. On December 13, 2010, Fried filed a suit captioned *Fried v. LVI Services, Inc., et al.*, 10-cv-9308 (S.D.N.Y.) (JSR) in the United States District Court for the Southern District of New York ("*Fried I*"). (Mann. Aff., Exh. BB.)

33. On May 16, 2011, Fried filed a complaint with the State of Connecticut's Commission on Human Rights and Opportunities ("CCHRO") alleging violations of the Connecticut Fair Employment Practices Act. Fried's allegations were based on the same conduct alleged in *Fried I*. (Mann Aff., Exh. DD.)

34. On October 4, 2011, Judge Rakoff granted partial summary judgment for defendants. (Mann. Aff., Exh. FF.)

35. On October 17, 2011, the State of Connecticut Commission on Human Rights and Opportunities granted Fried's request for a release of jurisdiction, in accordance with Conn. Gen. Stat. § 46a-101. (Mann. Aff., Exh. DD.)

36. On October 19, 2011, the parties stipulated to the dismissal of the *Fried I* action, and on October 27, 2011, the court "so-ordered" the stipulation, dismissing Fried's remaining retaliation claim, with prejudice. (Mann Aff., Exh. EE.)

Dated: April 26, 2012

By: _____

Michael D. Mann (phv02157)
(mdmann@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Deborah Dehart Cannavino (CT08144)
(dcannavino@littler.com)
Matthew K. Curtin (CT27765)
(mcurtin@littler.com)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
(203) 974-8700

*Attorneys for Defendants*
*LVI Services Inc., LVI Parent Corp.,*
*and Scott E. State*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____
Michael D. Mann (phv02157)
(mdmann@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

7