# EXHIBIT DD

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
### AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

DATE: __May 13, 2011__        CASE NO: _____

My name is __Burton Fried__  and I reside at __149 Roseville Road__
__Westport, CT 06880.__

The respondent is ___LVI Services Inc._____ whose business
Address is __80 Broad Street, New York, NY 10004__

I was
- (x) terminated
- ( ) suspended
- ( ) placed on probation
- ( ) earning a different rate of pay
- ( ) warned
- ( ) given a poor evaluation
- ( ) denied a raise
- ( ) denied an office
- ( ) not hired  ( ) not promoted  ( ) demoted
- ( ) not hired due to a disability
- ( ) harassed  ( ) sexually harassed
- ( ) constructive discharged
- (x) retaliated against
- ( ) not hired due to a BFOQ
- ( ) less trained
- ( ) delegated difficult assignments
- ( ) discriminated against in terms and conditions of employment

on __November 16, 2010__, and believe that my
- ( ) race _____
- ( ) color _____
- ( ) sex { }male { }female
- ( ) previously opposed, filed or assisted
- ( ) ancestry _____
- (x) age __71__ DOB: __2/26/1940__
- ( ) religion _____
- ( ) pregnancy
- ( ) alienage _____
- ( ) national origin
- ( ) marital status
- ( ) physical disability
- ( ) mental retardation
- ( ) mental disorder
- ( ) religious creed  ( ) creed
- ( ) familial status
- ( ) sexual orientation
- ( ) learning disability
- ( ) lawful source of income

was in part a factor in this action. I believe that the respondent violated the following Connecticut General Statutes and acts listed below; (X) enforced through Section 46a-58(a) (if applicable):

- (x) 46a-60(a)(1)
- (X) 46a-60(a)(4)
- ( ) 46a-60(a)(7)( )( )( )
- ( ) 46a-60(a)(8)( )( )( )
- ( ) 46a-80( )( )
- ( ) 46a-81( )( )

- ( ) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e and the Civil Rights Act of 1991 {cite for 15 individuals employed}
- ( ) Age Discrimination in Employment Act, of 1967, 29 U.S.C. 621-634 (for over 20 individuals employed}

- ( ) Americans With Disabilities Act, 42 U.S.C. 12101 et seq.
- ( ) Equal Pay Act of 1964, U.S.C. 206
- ( ) Section 504 of the Rehabilitation Act of 1973, as amended

Other _____

F103                                                                 Issued 4/94
                                                                     Revised 1/1/96

03/08/2011 16:06 FAX 2035796950        CHRO SOUTHWEST REGION                    ☒002

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
### AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

DATE: May 13, 2011         CASE NO: _____

My name is __Burton Fried__ and I reside at __149 Roseville Road__
__Westport, CT 06880.__

The respondent is __LVI Parent Corp.__ whose business
Address is __80 Broad Street, New York, NY 10004__

I was
- (x) terminated
- ( ) suspended
- ( ) placed on probation
- ( ) earning a different rate of pay
- ( ) warned
- ( ) given a poor evaluation
- ( ) denied a raise
- ( ) denied an office
- ( ) discriminated against in terms and conditions of employment
- ( ) not hired  ( ) not promoted  ( ) demoted
- ( ) not hired due to a disability
- ( ) harassed  ( ) sexually harassed
- ( ) constructive discharged
- (x) retaliated against
- ( ) not hired due to a BFOQ
- ( ) less trained
- ( ) delegated difficult assignments

on __November 16, 2010__, and believe that my
- ( ) race _____
- ( ) color _____
- ( ) sex { }male { }female
- ( ) previously opposed, filed or assisted
- ( ) ancestry _____
- (x) age __71__ DOB: __2/26/1940__
- ( ) religion _____
- ( ) pregnancy
- ( ) alienage _____
- ( ) national origin
- ( ) marital status
- ( ) physical disability
- ( ) mental retardation
- ( ) mental disorder
- ( ) religious creed  ( ) creed
- ( ) familial status
- ( ) sexual orientation
- ( ) learning disability
- ( ) lawful source of income

was in part a factor in this action. I believe that the respondent violated the following Connecticut General Statutes and acts listed below; (X) enforced through Section 46a-58(a) (if applicable):

- (x) 46a-60(a)(1)
- (X) 46a-60(a)(4)
- ( ) 46a-60(a)(7)( )( )( )
- ( ) 46a-60(a)(8)( )( )( )
- ( ) 46a-80( )( )
- ( ) 46a-81( )( )

- ( ) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e and the Civil Rights Act of 1991 {cite for 15 individuals employed}
- ( ) Age Discrimination in Employment Act, of 1967, 29 U.S.C. 621-634 (for over 20 individuals employed}

- ( ) Americans With Disabilities Act, 42 U.S.C. 12101 et seq.
- ( ) Equal Pay Act of 1964, U.S.C. 206
- ( ) Section 504 of the Rehabilitation Act of 1973, as amended
Other _____

F103                                                                                        Issued 4/94
                                                                                             Revised 1/1/96

I provide the following particulars: (PLEASE TYPE OR PRINT THE INFORMATION)

\*\*\* (Use numbered short paragraphs for each specific allegation)

Please see the attached Supplement

## SUPPLEMENT

1. I am the 71 year old former Chairman of LVI Services, Inc. ("LVI" or the "Company") and LVI Parent Corp., Inc. (the "Parent").

2. LVI Parent Corp., Inc. is the sole shareholder of LVI and is a holding company that maintains no payroll and conducts no business outside of signing documents. At all relevant times, LVI and Parent operated as a single, integrated enterprise, a single employer, or as joint employers.

3. I worked for LVI for over 24 years, spending the majority of that time as President and Chief Executive Officer ("CEO") of the Company.

4. During my tenure at LVI, I helped to build the Company into the country's largest, and only, fully integrated national provider of self-performed diverse environmental remediation, demolition, and other facility management services. Through my efforts, the Company expanded to include over 25 locations nationwide.

5. I was President and CEO of LVI until June 2006 when Robert McNamara succeeded me. At that time, I remained at LVI as Chairman, as provided by my contract of employment with the Company.

6. Under Mr. McNamara, I had numerous substantive responsibilities, including developing and implementing new business initiatives, overseeing all Company litigation and legal matters, participating in negotiation of Company acquisitions, and performing risk assessments of large Company projects requiring bid and/or payment and performance bonds.

7. I remained as Chairman until April 2010 when Mr. McNamara resigned. At that time, I took on the position of President and CEO on an interim basis while I conducted the search for an individual to permanently fill the position.

8. After interviewing numerous candidates for the position, I recommended that Scott E. State fill the role of President and CEO. Mr. State accepted the position and began his employment with LVI on or about October 1, 2010.

9. On October 19, 2010, I met with Mr. State at his office to discuss my responsibilities as Chairman. After presenting Mr. State with a list of my duties as Chairman with Mr. McNamara, Mr. State informed me that all those responsibilities would be transitioned to other LVI managers. As a reason for this drastic move, Mr. State asked me, "You are 71 years old. How long do you expect to continue working?"

10. I immediately left the meeting with Mr. State, and within the next two or three days, I contacted members of the Board of Directors of Parent ("Board") to gauge

their level of agreement with Mr. State and to oppose his discriminatory conduct. I was told by Board members from CHS and Apollo that they supported Mr. State in whatever decision he made concerning my employment status.

11. On November 2, 2010, Brian Simmons, member of the Board and managing partner at CHS, informed me that he desired to transition my responsibilities to members of the LVI management team.

12. On November 4, 2010, I attended a closed Board meeting where I again expressed my opposition to the Company's discriminatory treatment. Additionally, I offered Mr. State the chance to repudiate his discriminatory and ageist comment, yet, he merely affirmed it. Further, Board members from CHS and Apollo expressed that they wanted to strip me of my duties.

13. On November 10, 2010, I was informed that it was the desire of the Board to eliminate completely my day-to-day involvement in the Company and give Mr. State sole discretion to determine my level of involvement.

14. I sent, through my counsel, a letter to Mr. State on November 15, 2010 to further oppose the Company's discriminatory treatment.

15. On November 16, 2010, Mr. Simmons notified me, on behalf of the Board, that the Company would terminate my employment effective November 30, 2010. Instead, the Company requested that I accept a consulting assignment with LVI and remain as titular Chairman of Parent.

16. The Company asked me to remain as a figurehead to exploit my years of experience in the industry and the relationships I have cultivated.

17. My termination by the Company, including my positions as a director and officer of both LVI and Parent, was effected on November 30, 2010.

18. Since my October 19 meeting with Mr. State, I was completely isolated at the Company. Mr. State directed LVI managers to cease contacting me and excluded me from multiple projects that I had developed and had been working on.

19. This isolation was based on my age and due to the Company's plans to transition all my duties to younger employees.

20. My isolation was also in retaliation for opposing the Company's discriminatory conduct.

21. My termination was based on my age and due to the Company's plans to transition all my job duties to younger employees.

22. Additionally, my termination was in retaliation for opposing the Company's discriminatory conduct.

23. The retaliation against me continued after my termination from LVI.

24. On January 14, 2011, the employment of my daughter, Shari Dembin, was also terminated by LVI.

25. Ms. Dembin had been an employee of the Company for almost fifteen years before her termination. The sole motivation for her termination was to retaliate against me for engaging in protected activity.

26. The termination of my daughter's employment with LVI was further retaliation for engaging in protected activity by opposing the Company's discriminatory conduct.

27. As a result of the foregoing discriminatory conduct, I have sustained economic loss and suffered mental and emotional anguish.

28. Based upon these and other facts, the Company and Parent discriminated against me because of my age and in retaliation for opposing their discriminatory conduct.

**IMPORTANT: YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT BEFORE YOU RETURN THIS FORM**

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

___Burton T. Fried___ being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at __WESTPORT__, __CT__ this __16th__ day of __May, 2011__.
2011.

_____
(Complainant's Signature)

Subscribed and sworn to before me this __16__ day of __May__, 2011.

_____
Notary Public/Commissioner of
the Superior Court

My commission expires: __January 31, 2015__


LUZ STELLA AMAYA G
Notary Public, State of Connecticut  Issued 4/94
My Commission Expires Jan. 31, 2015  Revised 1/1/96

F103

**IMPORTANT: YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT BEFORE YOU RETURN THIS FORM**

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

___Burton T. Fried___ being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at __Westport__, __CT__ this __16th__ day of __May, 2011__ 2011.

_(signature)_
(Complainant's Signature)

Subscribed and sworn to before me this __16__ day of __May__, 2011.

_(signature)_
Notary Public/Commissioner of
the Superior Court

My commission expires: __January 31, 2015__

LUZ STELLA AMAYA G
Notary Public, State of Connecticut
My Commission Expires Jan. 31, 2015

F103

Issued 4/94
Revised 1/1/96

03/08/2011 16:06 FAX 2035796950     CHRO SOUTHWEST REGION                   ☒008

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

### COMPLAINANT WITNESS LIST

CHRO Complaint No. _____

Complainant: __Burton T. Fried_____

Respondent: __LVI Services, Inc. and LVI Parent Corp.__

_____

If this complaint is retained following a Merit Assessment Review (MAR), I am identifying the following persons as relevant witnesses:

**Witness name, telephone number and address**     **Specific relevant Information**

(X) I have no witnesses at this time.

_[signature]_
Complainant' Signature

5/16/11
Date

F103

Issued 4/94
Revised 1/1/96

03/08/2011 16:06 FAX 2035796950          CHRO SOUTHWEST REGION                    ☒009

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

## NOTICE TO COMPLAINANT OF DUTY TO COOPERATE

I, **Burton T. Fried**, understand that it is my duty to respond <u>timely</u> to any <u>information</u> and/or <u>assistance requested of me</u> by the Commission and to cooperate with the Commission at all times. Further, I understand that it is my <u>sole duty and responsibility to notify the Commission</u> of my whereabouts at <u>all times</u> throughout the pendency of this complaint and, in the event my address and/or telephone number changes, it is my duty to notify the Commission immediately. In this respect, I represent that the individual named below, whose address and telephone number is as stated, will always know my whereabouts and can always contact me. This individual is:

NAME: Douglas H. Wigdor
ADDRESS: 85 Fifth Avenue, 5th Floor
CITY: New York    STATE: NY    ZIP CODE: 10003
TELEPHONE: (212) 257-6800

Additionally, I promise to provide the Commission, within a period of time <u>not to exceed two working days</u> after my receipt of it copies of the following documents: {check applicable spaces}

N/A __yes __no (a) copies of any and all decisions and or determination(s) made by the Connecticut Department of Labor, Division of Unemployment Compensation, respecting my eligibility to receive Unemployment Insurance Compensation;

N/A __yes __no (b) copies of any writings that my employer gives to the Connecticut Department of Labor as to its consent and/or objection to my receiving benefits;

N/A __yes __no (c) copies of any transcript(s) and/or tape recordings of testimony given by myself and my employer to the Connecticut Department of Labor;

N/A __yes __no (d) copies of any union grievances filed by co-workers or myself challenging the company's behavior, the outcome of any grievances, etc.; and,

__yes _____no (e) other information, please describe:
_____
_____

If at any time the Commission is unable to contact me, the Commission will be deemed to have provided me with actual notice by mailing two letters first class mail to my last known address. It will be presumed, that once the letters have been mailed that I have received the correspondence unless the letters are returned to the Commission by the Post Office.

For the purposes of the EEOC notice requirement, when the Commission is unable to

F103                                                            Issued 4/94
                                                                Revised 1/1/96

contact me, a letter will be sent certified mail, return receipt requested. Once this letter has been mailed I will be deemed to have received actual notice.

_____
Complainant's Signature

5/16/11
_____
Date

F103

Issued 4/94
Revised 1/1/96

CHRO No. _____

## STATEMENT OF REMEDY

I have been told that the full remedy for the discrimination I feel has occurred, <u>if the evidence secured in the investigation fully supports my claims</u>, would probably be:

- (X) re-instatement in my job
- (X) full back pay plus interest, minus interim earnings, including unemployment compensation, welfare payments, etc.
- (X) compensatory damages (pain/humiliation) (no employment cases)
- (X) restoration of seniority and fringe benefits
- ( ) ceasing harassment
- ( ) hire
- ( ) offer of housing
- ( ) guarantee of equal service
- ( ) medical benefits/insurance costs
- ( ) granting of credit
- ( ) other: specify:

During an investigation, the Respondent may offer a settlement which is less than a full remedy. The investigator will tell you of the offer and give you his/her estimate, based on the results of the investigation until that time, of your chance of qualifying for a full remedy. You may then decide whether or not you want the investigator to pursue the settlement offer.

If you decide not to take the offer, the investigation will continue and may result in a finding favorable or unfavorable to you.

I have read and understand the above information.

_____
Complainant/Attorney

5/16/11
Date

_____
Complaint Intake Officer/
Investigator

F103

Issued 4/94
Revised 1/1/96

## State of Connecticut
## Commission on Human Rights & Opportunities

Case No. _____

### AUTHORIZATION TO RELEASE
### INFORMATION FROM THE RECORDS OF

Burton T. Fried
Name of Undersigned

I authorized disclosure by   LVI Services, Inc. and LVI Parent Corp.
80 Broad Street, New York, NY 10004

to the representative of the CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES of the information and record specified below that concern my complaint filed with the COMMISSION.

( )   Medical Records

(x)   Personnel Records

( )   Credit Rating, or information as listed below:

_[signature]_                                    5/16/11
Signature of Complainant                         Date

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                                      2/26/40
Social Security Number                           Date of Birth

149 Roseville Road, Westport, CT 06880
Address

F103                                             Issued 4/94
                                                 Revised 1/1/96

## INFORMATION REGARDING COMPLAINTS PREVIOUSLY WITH THE CONNECTICUT COMMISSION ON HUMAN RIGHTS

Please provide the following information:

[ ]   I have filed a previous complaint

      Date of filing: _____

      Regional Office: _____

      Case Number: _____

      Class Basis: _____

[X]   I have not filed a previous complaint.

I understand that my failure to disclose this information may lead to a delay in the processing of my complaint or a dismissal of my complaint for failure to cooperate.

_____          5/16/11
Complainant                       Date

F103                                                              Issued 4/94
                                                                  Revised 1/1/96

## DUTY TO MITIGAGE DAMAGES

CHRO CASE NO: _____

A person who has been discriminatorily denied employment or discharged has a legal obligation to lessen the amount of any damages which may result from such unlawful acts.

The complainants are required to keep the following records to show your efforts to obtain employment while your case is still pending before the Commission:

a. Name and address of each company visited.

b. Date each company visited.

c. Name/title of interviewer/contact person.

d. Job title which you sought.

e. Pay rate of job which you sought.

f. Whether you were offered the job.

g. Maintain your annual Federal Income Tax Form.

h. Maintain your Unemployment Compensation Benefits Record

I have read this statement, understand it and have received a copy of it.

_____        5/16/11
Complainant                            Date

F103                                                        Issued 4/94
                                                            Revised 1/1/96