# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARI L. DEMBIN and BURTON T. FRIED, | : : : | |
| Plaintiffs, | : : | CIVIL NO.: 3:11-CV-01855-JBA |
| v. | : : | |
| LVI SERVICES INC., LVI PARENT CORP., and SCOTT E. STATE, | : : : | February 16, 2012 |
| Defendants. | : | |

### DEFENDANTS' ANSWER TO AFFIRMATIVE DEFENSES

Defendants LVI Services Inc. ("LVI"), LVI Parent Corp. ("LVI Parent"), and Scott E. State ("State") (collectively referred to as the "Defendants"), by their attorneys, Littler Mendelson, P.C. and Sidley Austin LLP, as and for their Answer to the Complaint herein, state as follows:

### NATURE OF THE CLAIMS

1.  Neither admit nor deny the allegations contained in Paragraph 1 of the Complaint as the allegations state conclusions of law to which no response is required. To the extent Paragraph 1 contains factual allegations, Defendants deny all such allegations.

### JURISDICTION AND VENUE

2.  Neither admit nor deny the allegations contained in Paragraph 2 of the Complaint as the allegations state conclusions of law to which no response is required. To the extent Paragraph 2 contains factual allegations, Defendants deny all such allegations.

3.  Neither admit nor deny the allegations contained in Paragraph 3 of the Complaint as the allegations state conclusions of law to which no response is required. To the extent Paragraph 3 contains factual allegations, Defendants deny all such allegations.

## PROCEDURAL REQUIREMENTS

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint relating to Plaintiffs' filing of complaints with the Connecticut Human Rights Office ("CHRO"), but aver that Defendants received notices of the filing of such complaints from the CHRO and that Fried's complaint named Defendants LVI Services, Inc. and LVI Parent Corp., as respondents, but not Defendant Scott State.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint relating to Plaintiffs' receipt of notices from the CHRO.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint relating to Plaintiffs' intent to serve a copy of the Complaint upon the CHRO.

## PARTIES

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except admit that Fried was employed by LVI and served as the Chairman of the Board of LVI Parent's Board of Directors, and aver that LVI's records reflect that Fried's date of birth is February 26, 1940 and that he is a resident of the State of Connecticut. Defendants neither admit nor deny allegations contained in Paragraph 7 of the Complaint to the extent the allegations state conclusions of law to which no response is required.

8. Deny Dembin remains a party in this action. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admit that Dembin was employed by LVI and aver that LVI's records reflect

2

that Dembin is a resident of the State of Connecticut. Defendants neither admit nor deny allegations contained in Paragraph 8 of the Complaint to the extent the allegations state conclusions of law to which no response is required.

9. Deny all of the allegations contained in Paragraph 9 of the Complaint except LVI avers that LVI is a Delaware corporation with its principal place of business at 150 West 30th Street, New York, New York 10001, and aver that its records reflect that Fried worked in LVI's Westport, Connecticut office from 2003 to 2010 and Dembin worked in LVI's Westport, Connecticut office from 2003 to January 2011. Defendants neither admit nor deny allegations contained in Paragraph 9 of the Complaint to the extent the allegations state conclusions of law to which no response is required.

10. Deny all of the allegations contained in Paragraph 10 of the Complaint, except admit that LVI Parent is a Delaware corporation with a principal place of business located at 150 West 30th Street, New York, New York 10001, admit that LVI Parent is the sole shareholder of LVI, and neither admit nor deny the allegations contained in Paragraph 10 of the Complaint to the extent the allegations state conclusions of law to which no response is required.

11. Deny all of the allegations contained in Paragraph 11 of the Complaint, except admit that State is a resident of the State of Colorado, currently a member of the Board of LVI Parent, and is employed as President and CEO of LVI.

## FACTUAL ALLEGATIONS

### Plaintiff Burton T. Fried

12. Deny all of the allegations contained in Paragraph 12 of the Complaint, except admit that LVI is an environmental remediation company.

3

NYI 7983460v.3

13.     Deny all of the allegations contained in Paragraph 13 of the Complaint, except aver that Fried was employed by LVI from on or about January 1, 1986 through November 30, 2010, and held several positions throughout his employment, including General Counsel, President and CEO, interim President and CEO and Chairman, and further aver that LVI's records reflect that Fried's date of birth is February 26, 1940.

14.     Deny all of the allegations contained in Paragraph 14 of the Complaint, except aver that, in November 2005, Fried recommended a search for his replacement as President and CEO.

15.     Admit the allegations contained in Paragraph 15 of the Complaint.

16.     Deny all of the allegations contained in Paragraph 16 of the Complaint, except aver that, as Chairman of LVI, Fried was engaged in a number of areas of LVI's operations, as requested and approved by LVI's President and CEO.

17.     Deny all of the allegations contained in Paragraph 17 of the Complaint, except aver that Robert McNamara resigned from his position of President and CEO of LVI in April 2010 and that Fried assumed the position of interim President and CEO until the hire of a new President and CEO.

18.     Deny all of the allegations contained in Paragraph 18 of the Complaint, except aver that the excerpt quoted in Paragraph 18 is a portion of an email sent by Brian Simmons to Fried on May 12, 2010. To the extent Paragraph 18 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

19.     Deny all of the allegations contained in Paragraph 19 of the Complaint, except aver that Fried played a role in the consideration of State for the position of President and CEO for LVI.

20.     Deny all of the allegations contained in Paragraph 20 of the Complaint.

21.     Deny all of the allegations contained in Paragraph 21 of the Complaint.

22.     Deny all of the allegations contained in Paragraph 22 of the Complaint except aver that the excerpt quoted in Paragraph 22 is a portion of an email sent by Scott State to Robert Hogan on September 19, 2010. To the extent Paragraph 22 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

23.     Deny all of the allegations contained in Paragraph 23 of the Complaint, except aver that, on September 27, 2010, State began his employment with LVI as President and CEO and Fried remained Chairman of LVI.

24.     Deny all of the allegations contained in Paragraph 24 of the Complaint, except aver that on October 19, 2010, State and Fried met to discuss a number of topics, including Fried's job duties.

25.     Deny all of the allegations contained in Paragraph 25 of the Complaint.

26.     Deny all of the allegations contained in Paragraph 26 of the Complaint.

27.     Deny all of the allegations contained in Paragraph 27 of the Complaint.

28.     Deny all of the allegations contained in Paragraph 28 of the Complaint, except aver that the excerpt quoted in Paragraph 28 is a portion of an email sent from State to Brian Simmons on October 19, 2010. To the extent Paragraph 28 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

29.     Deny all of the allegations contained in Paragraph 29 of the Complaint.

30.     Admit all of the allegations contained in Paragraph 30 of the Complaint.

31.     Deny all of the allegations contained in Paragraph 31 of the Complaint.

32. Deny all of the allegations contained in Paragraph 32 of the Complaint, except aver that the excerpt is from an email written by State to David Hicks on November 5, 2010. To the extent Paragraph 32 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

33. Deny knowledge and information sufficient to determine the truth of the allegations contained in Paragraph 33 of the Complaint relating to Fried's sending a letter to State, except aver that a letter from Fried's counsel was received by State on November 15, 2010 and, to the extent Paragraph 33 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

34. Deny all of the allegations contained in Paragraph 34 of the Complaint, and, to the extent Paragraph 34 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

35. Deny all of the allegations contained in Paragraph 35 of the Complaint, except aver that the Board sent a letter to Fried on or about November 16, 2010 notifying Fried of the termination of his employment and offering him a consulting agreement with LVI. To the extent Paragraph 35 purports to paraphrase or interpret a document, Defendants respectfully refer the Court to the full document for its contents.

36. Deny all of the allegations contained in Paragraph 36 of the Complaint.

**Plaintiff Shari L. Dembin**

37. Responding to Paragraph 37 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, Defendants deny all of the allegations contained in Paragraph 37 of the Complaint, except aver

that LVI's records show that Dembin began her employment with LVI on April 22, 1996 as an Administrative Assistant.

38. Responding to Paragraph 38 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 38 of the Complaint, except aver that, effective October 1996, Dembin received a change in title to Insurance Bonding Administrator.

39. Responding to Paragraph 39 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 39 of the Complaint, except aver that Dembin received raises during the time of her employment with LVI.

40. Responding to Paragraph 40 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 40 of the Complaint, except aver that on November 13, 2010, senior management met in Denver, Colorado.

41. Responding to Paragraph 41 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 41 of the Complaint, except aver that a decision was taken to terminate the employment of Dembin and 11 other LVI employees.

42. Responding to Paragraph 42 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 42 of the Complaint.

NY1 7983460v.3

43. Responding to Paragraph 43 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 43 of the Complaint.

44. Responding to Paragraph 44 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 44 of the Complaint.

45. Responding to Paragraph 45 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 45 of the Complaint.

**The LVI Defendants**

46. Deny all of the allegations contained in Paragraph 46 of the Complaint.

47. Admit the allegations contained in Paragraph 47 of the Complaint, except aver that Robert Hogan is no longer an officer of LVI Parent but remains a board member.

48. Deny all of the allegations contained in Paragraph 48 of the Complaint, except admit that LVI Parent is a holding company that maintains no payroll.

49. Deny all of the allegations contained in Paragraph 49 of the Complaint.

50. Admit the allegations contained in Paragraph 50 of the Complaint.

51. Deny all of the allegations contained in Paragraph 51 of the Complaint.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(Discrimination in Violation of the CFEPA)**

52. Responding to Paragraph 52 of the Complaint, Defendants repeat and reallege Defendants' answers to Paragraphs 1 through 51 of the Complaint, as if fully set forth herein.

53. Deny all of the allegations contained in Paragraph 53 of the Complaint.

NY1 7983460v.3

54. Deny all of the allegations contained in Paragraph 54 of the Complaint.

55. Deny all of the allegations contained in Paragraph 55 of the Complaint.

56. Deny all of the allegations contained in Paragraph 56 of the Complaint.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of the CFEPA)

57. Responding to Paragraph 57 of the Complaint, Defendants repeat and reallege Defendants' answers to Paragraphs 1 through 56 of the Complaint, as if fully set forth herein.

58. Deny all of the allegations contained in Paragraph 58 of the Complaint.

59. Deny all of the allegations contained in Paragraph 59 of the Complaint.

60. Deny all of the allegations contained in Paragraph 60 of the Complaint.

61. Deny all of the allegations contained in Paragraph 61 of the Complaint.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (Retaliation in Violation of the CFEPA)

62. Responding to Paragraph 62 of the Complaint, Defendants repeat and reallege Defendants' answers to Paragraphs 1 through 61 of the Complaint, as if fully set forth herein.

63. Responding to Paragraph 63 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 63 of the Complaint.

64. Responding to Paragraph 64 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 64 of the Complaint.

65. Responding to Paragraph 65 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 65 of the Complaint.

NY1 7983460v.3

66. Responding to Paragraph 66 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 66 of the Complaint.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (Aiding and Abetting Violations of the CFEPA)

67. Responding to Paragraph 67 of the Complaint, Defendants repeat and reallege Defendants' answers to Paragraphs 1 through 66 of the Complaint, as if fully set forth herein.

68. Responding to Paragraph 68 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 68 of the Complaint.

69. Responding to Paragraph 69 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 69 of the Complaint.

70. Responding to Paragraph 70 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 70 of the Complaint.

71. Responding to Paragraph 71 of the Complaint, Defendants state that no answer is required because Dembin is no longer a party to this action. To the extent an answer is required, deny all of the allegations contained in Paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendants, by and through their attorneys, Littler Mendelson P.C. and Sidley Austin LLP, state as follows:

### FIRST AFFIRMATIVE DEFENSE

All claims raised, all allegations made and all causes of action asserted in the

NY1 7983460v.3

Complaint against Defendants fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because, at all times relevant hereto, Defendants acted in good faith and did not violate any right that may be secured to Plaintiffs under any federal, state or local laws, rules, regulations or guidelines.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because of their failure to mitigate their purported damages.

## FOURTH AFFIRMATIVE DEFENSE

Assuming, arguendo, while vigorously denying that Defendants injured Plaintiffs, Plaintiffs have not demonstrated and cannot demonstrate facts sufficient to warrant compensatory, punitive or exemplary damages.

## FIFTH AFFIRMATIVE DEFENSE

Assuming, arguendo, while vigorously denying, that Defendants engaged in any unlawful conduct in relation to Plaintiffs' employment, Defendants still would have made the employment decisions they made with respect to Plaintiffs for legitimate, non-discriminatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are barred, in whole or in part, by the after-acquired evidence doctrine.

NYI 7983460v.3

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel as to Plaintiffs, to the extent their claims have been, or could have been, adjudicated in prior proceedings.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

By Plaintiffs' own acts and omissions, Plaintiffs are estopped from asserting all of their claims alleged in the Complaint and are barred from any recovery therefrom.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent it has been settled, released, and/or is subject to an accord and satisfaction.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their failure to exhaust their administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available. Defendants reserve the right to assert additional separate defenses in the event discovery indicates, or Defendants otherwise become aware, that additional defenses would be appropriate.

NY1 7983460v.3

WHEREFORE, Defendants respectfully request the Court enter a judgment:

(1) dismissing the Complaint in its entirety with prejudice against Plaintiffs;

(2) awarding Defendants their costs, expenses and attorneys' fees incurred in defending this action; and

(3) granting such other and further relief as the Court deems just and proper.

Dated: February 16, 2012

By: /s/ Deborah DeHart Cannavino
Deborah DeHart Cannavino (CT08144)
(dcannavino@littler.com)
Matthew K. Curtin (CT27765)
(mcurtin@littler.com)
LITTLER MENDELSON, P.C.
265 Church Street, Suite 300
New Haven, CT 06510
(203) 974-8700

Nicholas H. De Baun (phv05223)*
(ndebaun@sidley.com)
Michael D. Mann (phv02157)*
(mdmann@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

*Attorneys for Defendants*
*LVI Services Inc., LVI Parent Corp.,*
*and Scott E. State*

*Admitted Pro Hac Vice*

NY1 7983460v.3

## CERTIFICATION

I hereby certify that on February 16, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Deborah DeHart Cannavino
Deborah DeHart Cannavino (CT08144)

NY1 7983460v.3