# Exhibit 26

| | |
|---|---|
| **From:** | Simmons, Brian P. <BSimmons@chsonline.com> |
| **Sent:** | Tuesday, November 16, 2010 4:08 PM |
| **To:** | 'BFried@lviservices.com' |
| **Cc:** | 'Rajay Bagaria' <RBagaria@apolloic.com>; 'John Schnabel' <JSchnabel@falconinvestments.com>; Gerald J. Girardi <GGirardi@ApolloIC.com>; Teddy Reynolds <reynolds@apolloic.com>; Hogan, Robert <Rhogan@chsonline.com>; Richard F. Ferrucci (mknipfing@rffassociates.com); 'Buck, Bob' <BBuck@beaconroofingsupply.com>; 'jnsmith@sidley.com' |
| **Subject:** | Transition to Chairman |
| **Attach:** | Fried (1).pdf; Fried (2).pdf |

Burt - attached is a letter from me and an agreement reflecting the discussions we have had regarding your role as Chairman of the Board. Please review - we look forward to hearing from you.

**chs capital**

**Brian P. Simmons | Managing Partner**
**10 South Wacker Drive, Suite 3175**
**Chicago, Illinois 60606**
**Phone 312.876.1980 | Fax 312.876.3854**
**Cell 312.804.0138**
**bsimmons@chsonline.com**
**www.chsonline.com**

**Assistant:**
**Michelle Karlin**
**312.876.9410**
**mkarlin@chsonline.com**

This email may contain material that is confidential and/or privileged and is for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.



Brian P. Simmons, Managing Partner

November 16, 2010

Burton Fried
Chairman of the Board
LVI Parent Corp.
877 Post Road East, Suite #4
Westport, CT 06880

Dear Burt:

Following our meeting November 4, and our subsequent discussions with you, management and among board members, I have been asked to finalize the scope of your responsibilities, compensation and benefits as you transition to non-executive chairman and consultant.

Effective 11/30/10 your employment with LVI Services Inc. will terminate. You will continue your relationship with LVI as non-executive Chairman of the Board of LVI Parent Corp. In addition, we are offering you the position of consultant to LVI Services on the terms set forth in the attached letter agreement.

As Chairman of the Board of LVI Parent Corp. we expect that you will participate in all board meetings, work with LVI CEO, Scott State, to establish meeting agendas and coordinate the presentations. In addition, we ask that you serve on the Audit Committee.

As a consultant to LVI Services, your consulting assignment would initially consist of providing continued support in the Keesler Federal Credit Union litigation, the litigation by the Estate of Daniel Sitomer and the Duane Morris LLP litigation. In addition, you would be asked to provide assistance and support from time to time on various projects as requested by Scott State based upon the challenges and opportunities facing LVI and your ability to provide assistance. You would be paid an annual retainer of $150,000 plus $250 per hour for time spent in your consulting role. You would also be entitled to reimbursement of all reasonable business expenses incurred by you as a result of your activities as a consultant. The offer of the consulting assignment is contingent on your agreement to the terms and conditions set forth in the attached letter agreement.

Burt, the board would like for this transition to be as smooth as possible. Please review the attached consulting agreement and execute and return it to my attention no later than December 7th 2010.

Sincerely,

Brian P. Simmons
On behalf of the Board of Directors of
LVI Parent Corp.

LVI Services Inc.
80 Broad Street
New York, NY 10004

November 16, 2010

Burton T. Fried
149 Roseville Road
Westport, Connecticut 06880

Dear Burt:

    This letter sets forth our agreement with respect to your changing role with LVI Services Inc. ("LVI"). Effective November 30, 2010, your employment with LVI will terminate and you will be offered the opportunity to continue your relationship with LVI as a consultant, providing the services set forth in this agreement, subject to the terms and conditions set forth herein.

    Your consulting assignment will begin on December 1, 2010 and will consist of: (1) providing continued support in the Kessler Federal Credit Union litigation, the litigation by the Estate of Daniel Sitomer, and the Duane Morris LLP litigation and (2) providing assistance and support from time to time on projects as requested by Scott State (the "Consulting Services"). The scope of the Consulting Services may be amended at LVI's sole discretion. This agreement and the Consulting Services may be terminated by you or by LVI at any time by providing thirty (30) days' written notice to the other party.

    You will receive a retainer of $150,000 per year, payable in regular advance quarterly installments of $37,500 for the Consulting Services. Additionally, you will be paid at the rate of $250.00 per hour for actual hours worked on the Consulting Services within thirty (30) days of your submission of an invoice to LVI. Should LVI decide to terminate the Consulting Services on our before February 28, 2011, you will be allowed to retain the first retainer installment of $37,500 paid in advance for your services. You will be solely responsible for payment on your behalf of any federal, state and local income tax withholding, social security taxes, workers' compensation coverage, unemployment insurance, liability insurance, health and/or disability insurance, retirement benefits or other welfare or pension benefits, and/or other payments and expenses. As a consultant, you will not be eligible to receive any compensation or benefits other than as set forth in this agreement. You shall, however, be entitled to payment or reimbursement of all reasonable business expenses incurred by you as a result of your performing the Consulting Services with the prior consent of LVI.

    In consideration of this offer of a consulting agreement and for other good and valuable consideration, receipt of which is hereby acknowledged:

    (i)    You knowingly and voluntarily release and forever discharge LVI Parent Corp., LVI and its affiliates (together with all their other direct and indirect subsidiaries, and their successors, past, current or future shareholders, directors, officers, and employees, and any one else connected with them, collectively referred to herein as the "LVI Releasees") to the extent permitted by law, of and from any and all claims, known and unknown, asserted or unasserted, you have or may have against the LVI Releasees as of the date of execution of this

CONFIDENTIAL
LVIP 001948

agreement, arising out of or in any way connected to your employment with LVI or the termination of your employment with LVI, including, but not limited to, any alleged violation of any federal, state or local civil or human rights law, regulation or ordinance, and you further release and waive any other claim or cause of action recognized in law or in equity, which you had or now have against the Company.

       (ii)      You expressly recognize and agree that, by entering this agreement, you are waiving any and all rights or claims that you may have arising under the Age Discrimination in Employment Act ("ADEA"), as amended by the Older Workers Benefit Protection Act of 1990, which have arisen on or before the date of the execution of this agreement. By your signature below, you warrant and represent that (1) in return for this agreement, you will receive benefits beyond those to which you were already entitled before entering this agreement; (2) you were advised (by this Agreement) to consult with an attorney before signing this agreement; (3) you have been given twenty-one (21) days to review this ADEA release and waiver and seven (7) days to revoke it and, (4) you have voluntarily elected to execute this agreement. Moreover, should you wish to revoke this agreement, you must provide written notice of revocation to Scott State by no later than the seventh day after you have signed this agreement.

While you are providing the Consulting Services, you will have access to documents or information that are confidential and proprietary to LVI. Except in the performance of services to LVI, or with the prior written consent of LVI, you agree that you will not, at any time, while providing the Consulting Services or thereafter, disclose to any person or entity or use for your benefit or the benefit of others, any such document or information obtained by you.

You further understand and agree that LVI has legitimate interests in protecting its goodwill, its relationships with major customers, contractors and subcontractors, employees and other business partners, and in maintaining its trade secrets, and hereby agree that the following restrictions are appropriate to protect such interests and are narrowly construed to meet such goals. Accordingly, at all times you are providing the Consulting Services to LVI and at all times during the period of twelve (12) months following the date of the termination of the Consulting Services (the "Restricted Period"):

       (i)      You will not, directly or indirectly, without the prior written permission of LVI, solicit, attempt to solicit or assist anyone else in soliciting, any person or entity who is or has been a customer, supplier, contractor, subcontractor or any other business relation of LVI, or any of its subsidiaries (collectively, "Business Relationships") to (A) cease doing business with LVI or any of its subsidiaries, (B) alter or limit its business relationship with LVI or any of its subsidiaries, or (C) purchase, other than from LVI or any of its subsidiaries, any service or product which compete with any of the services or products offered by LVI or its subsidiaries. For purposes of this paragraph, Business Relationships is defined as persons or entities that have engaged LVI or any of its subsidiaries or for which LVI had an outstanding bid for work during the three years immediately prior to the termination of the Consulting Services and (a) with whom you have had contact during your association with LVI or any of its subsidiaries or (b) of whom you learned though your association with LVI or any of its subsidiaries; and

       (ii)      You will not, directly or indirectly, without the prior written permission of LVI, (A) solicit, attempt to solicit or assist anyone else to solicit any director,

CONFIDENTIAL

LVIP 001949

member, officer or employee to terminate his or her association with LVI or any of its subsidiaries or (B) solicit, attempt to solicit, hire or otherwise retain the services of any director, member, officer or employee (whether on a full-time basis, part-time basis or otherwise and whether as an employee, independent contractor, consultant, agent, advisor or in another capacity), in each case, except pursuant to general advertising not specifically targeted at employees of the company or any of its subsidiaries.

You further agree that you will not, directly or indirectly, make (or cause to be made) to any person or entity any knowingly disparaging, derogatory or other negative statement about LVI Parent Corp., LVI, any of their subsidiaries or affiliates, or any of their officers, directors, employees, partners, shareholders or agents (or any of their services or products).

As you will not be engaged by LVI on a full-time, exclusive basis, you will retain the right to provide services to the general public during your engagement with LVI. During the time that you are providing the Consulting Services, you will disclose to LVI the identity of any entity or individual for which you intend to provide services prior to your providing such services. You will exercise your best judgment as to the amount of time to be devoted to and the location of the Consulting Services, provided that you will agree to make yourself available at reasonable times and for reasonable periods to fulfill your obligations under this agreement. LVI intends to close its offices in Westport, Connecticut. If the nature of the Consulting Services requires that such services be performed at LVI's premises, LVI will provide you with office space at one of its facilities to allow you to perform the Consulting Services.

Other than your providing the Consulting Services, you will not have authority to act on behalf of, or otherwise bind LVI or its affiliates. Accordingly, you may not enter into any agreement on behalf of, or purport to bind LVI or its affiliates, or represent to any person that you have the power to create any obligation, express or implied, on behalf of LVI or its affiliates without LVI's express prior written consent. The parties intend to create by this agreement the relationship of an independent contractor and not an employer-employee relationship. Nothing in this agreement is intended or shall be deemed to create any partnership, agency or joint venture relationship between or among the parties.

This agreement will be governed by the laws of the State of New York, without regard to its conflict of laws provisions. Any dispute or action under or relating to this agreement may be brought in any state or federal court located in the State of New York. You hereby consent to and confer personal jurisdiction over you by any such court.

CONFIDENTIAL

LVIP 001950

If you agree to the terms and conditions set forth in this agreement, please sign on the line provided below and return the agreement to Scott State on or before December, 7th 2010.

Very truly yours,

Scott E. State

CEO, LVI Services Inc.

Accepted and agreed to:

_____   _____
Burton T. Fried                                      Date

CONFIDENTIAL                                                                                                LVIP 001951