# Exhibit 27


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

| | |
|---|---|
| BURTON T. FRIED, | : ECF CASE |
| Plaintiff, | : |
| | : No. 10 Civ. 9308 (JSR) |
| v. | : |
| | : **SCOTT E. STATE'S OBJECTIONS** |
| LVI SERVICES, INC., LVI PARENT CORP., | : **AND ANSWERS TO PLAINTIFF'S** |
| CODE HENNESSY SIMMONS LLC d/b/a/ CHS | : **FIRST SET OF** |
| PRIVATE EQUITY V LP; APOLLO | : **INTERROGATORIES** |
| INVESTMENT CORP.; SCOTT E. STATE, in his | :: |
| official and individual capacities; BRIAN | |
| SIMMONS, in his official and individual capacities; | |
| RAJAY BAGARIA, in his official and individual | |
| capacities; GERALD J. GIRARDI, in his official | |
| and individual capacities, | |
| Defendants. | |

----------------------------------X

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Scott E. State ("State"), by his attorneys, Sidley Austin LLP, answers and makes his written objections to Plaintiff's First Set of Interrogatories (the "Interrogatories") as set forth below. State's response to any of the Interrogatories is not, and shall not be construed as, an admission of the relevance or admissibility into evidence of any such response or of the propriety of any of Plaintiff's Interrogatories.

## GENERAL OBJECTIONS, COMMENTS AND QUALIFICATIONS

In addition to the specific objections separately set forth in response to certain Interrogatories, State asserts the following General Objections, which are incorporated into each specific answer and objection, whether or not specifically referred to therein.

1. State objects to the "Definitions and Instructions" section of the Interrogatories to the extent that Plaintiff's definitions and instructions contradict or go beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York.

2. State makes the objections and provides the answers contained herein without waiver of any right or privilege to object to the introduction into evidence, in this or any other action or proceedings, of any information contained in any of the documents or the introduction of any of the documents themselves, upon grounds of competency, relevancy, hearsay, authenticity or other proper grounds. State reserves all rights to object to the use of any of the information produced (now or in the future) in response hereto, in any subsequent proceedings, including the trial of this or any other action. State expressly reserves the right to object to further discovery into any subject matter in the Interrogatories. In responding, State does not admit the factual or legal premise of any Interrogatory.

3. State responds to the Interrogatories based on the best of his present knowledge, information and belief. State's response is at all times subject to such additional or different information that discovery or further investigation may disclose. State reserves the right to supplement and update his responses to the Interrogatories. Any supplemental response provided to the Interrogatories shall not function as a waiver of any privilege or objection State has or may assert herein.

4. State objects to the Interrogatories to the extent that they seek information that is subject to any claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the joint-defense privilege, and/or any other

applicable privileges. State intends to and does claim such privilege(s) with respect to all such information.

These General Objections are incorporated into each of the responses set forth below and shall have the same force and effect as if set forth in full in response to each individual request.

\*   \*   \*

## SPECIFIC OBJECTIONS AND ANSWERS

**Interrogatory No. 1:**

Identify all person(s) with knowledge or information regarding the allegations as set forth in the Complaint.

**Objections to Interrogatory No. 1:**

State objects to Request No. 1 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

**Answer to Interrogatory No. 1:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

Individuals who have knowledge or information regarding the allegations in the Complaint and/or Charge of Discrimination are:

    Scott State
    John Leonard
    Paul Cutrone
    Robert McNamara
    Members of the Board of Directors of LVI Parent Corp.

**Interrogatory No. 2:**

Identify all directors, officers, partners, managers and/or employees of any of the Corporate Defendants who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to transition Plaintiff's job duties to other LVI managers.

**Objections to Interrogatory No. 2:**

State objects to Request No. 2 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "have information or knowledge concerning the reasons for, and the process leading to . . . transition Plaintiff's duties to other LVI managers" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 2:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

The LVI employee responsible for the decision to transition Plaintiff's job duties to other LVI managers is Scott State.

**Interrogatory No. 3:**

Identify all directors, officers, partners, managers and/or employees of any of the Corporate Defendants who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to replace Plaintiff's Employment Agreement with a consulting agreement.

**Objections to Interrogatory No. 3:**

State objects to Interrogatory No. 3 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. State further objects to Interrogatory No. 3 on the grounds that it assumes facts that are not in

4

evidence, such as the existence of a decision "to replace Plaintiff's Employment Agreement with a consulting agreement."

### Answer to Interrogatory No. 3:

Without waiving the foregoing objection, and to the extent not objected to therein, State answers:

The LVI employee responsible for the decision to offer Plaintiff a consulting agreement is Scott State.

### Interrogatory No. 4:

Identify all directors, officers, partners, managers and/or employees of any of the Corporate Defendants who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to terminate Plaintiff's employment.

### Objections to Interrogatory No. 4:

State objects to Interrogatory No. 4 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who participated in, or otherwise have information or knowledge" is vague, ambiguous and lacks sufficient precision to permit a response.

### Answer to Interrogatory No. 4:

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

The LVI employee responsible for the decision to terminate Plaintiff's employment with LVI is Scott State.

**Interrogatory No. 5:**

Identify all directors, officers, partners, managers and/or employees of the Corporate Defendants who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to terminate Shari Dembin's employment with LVI.

**Objections to Interrogatory No. 5:**

State objects to Interrogatory No. 5 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who participated in, or otherwise have information or knowledge" is vague, ambiguous and lacks sufficient precision to permit a response.

**Answer to Interrogatory No. 5:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

The LVI employee responsible for the decision to terminate Shari Dembin's employment with LVI is Scott State.

**Interrogatory No. 6:**

Identify all directors, officers, partners, managers and/or employees of any of the Corporate Defendants who determined the terms and conditions of Plaintiff's employment at LVI, or otherwise have knowledge of the terms and conditions of Plaintiff's employment, including, but not limited to, the authority to set Plaintiff's compensation, enter into employment agreements with Plaintiff, and/or terminate Plaintiff's employment.

**Objections to Interrogatory No. 6:**

State objects to Interrogatory No. 6 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

For example, the phrase "who otherwise have knowledge" is vague, ambiguous, and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 6:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

Employees of LVI responsible for determining the terms and conditions of Plaintiff's employment at LVI are Scott State and, previously, Robert McNamara.

**Interrogatory No. 7:**

Identify all directors, officers, partners, managers and/or employees of the LVI Defendants who received any complaint, communication or report from Plaintiff, whether formal or informal, written or verbal, regarding the discriminatory actions taken against Plaintiff.

**Objections to Interrogatory No. 7:**

State objects to Interrogatory No. 7 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. State further objects to Interrogatory No. 7 to the extent that it assumes facts that are not in evidence.

**Answer to Interrogatory No. 7:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

Scott State and members of the Board of Directors of LVI Parent were present at the Board of Directors meeting in which Plaintiff raised a complaint of discrimination against State.

**Interrogatory No. 8:**

Identify all directors, officers, partners, managers and/or employees of the Corporate Defendants who have knowledge of the remark about Plaintiff's age made to Plaintiff on or about October 19, 2010 by Defendant State.

**Objections to Interrogatory No. 8:**

State objects to Interrogatory No. 8 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. State further objects to Interrogatory No. 8 to the extent that it assumes facts that are not in evidence, such as the existence of a remark "about Plaintiff's age."

**Interrogatory No. 9:**

Identify all directors, officers, partners, managers and/or employees of the Corporate Defendants who participated in the recruitment and hiring process of Defendant State as Chief Executive Officer of the Company.

**Objections to Interrogatory No. 9:**

State objects to Interrogatory No. 9 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who otherwise have knowledge of" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 9:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

The employee of LVI who was primarily involved in the hire of Scott State as Chief Executive Officer of LVI was Burton Fried.

**Interrogatory No. 10:**

Identify all directors, officers, partners, managers and/or employees of the LVI Defendants who have knowledge of the job duties and responsibilities Plaintiff performed as Chairman of the LVI Defendants.

**Objections to Interrogatory No. 10:**

State objects to Interrogatory No. 10 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who have knowledge of" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 10:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

The LVI employees of who were primarily involved in determining the job duties and responsibilities Plaintiff performed as Chairman of LVI were Scott State and, previously, Robert McNamara.

**Interrogatory No. 11:**

Identify all person(s) with knowledge by November 16, 2010 that a letter had been delivered to Defendant State from Plaintiff's counsel on November 15, 2010.

**Objections to Interrogatory No. 11:**

State objects to Interrogatory No. 11 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who had knowledge by November 16, 2010 that a letter from

Plaintiff's counsel was delivered on November 15, 2010" is vague, ambiguous, and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 11:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

The employee of LVI who was made aware on November 16, 2010 of the letter from Plaintiff's counsel that was delivered on November 15, 2010 is Scott State.

**Interrogatory No. 12:**

Identify all officers, directors, partners, managers and/or employees of LVI who are common to the management, ownership, and/or labor relations of Parent and/or has knowledge of the common management, ownership, financial control and/or labor relations of LVI and Parent

**Objections to Interrogatory No. 12:**

State objects to Interrogatory No. 12 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who are common to the management, ownership and/or labor relations" is vague, ambiguous and lacks sufficient precision to permit an answer. State further objects to Interrogatory No. 12 to the extent it assumes facts that are not in evidence.

**Answer to Interrogatory No. 12:**

Without waiving the foregoing objections, and to the extent not objected to therein, State answers:

None.

10

Dated: March 24, 2011

                                         SIDLEY AUSTIN LLP

                                         By: _____/s/ Joanne Seltzer_____
                                               Nicholas H. De Baun
                                               Joanne Seltzer

                                         787 Seventh Avenue
                                         New York, New York 10019
                                         (212) 839-5300

                                         Attorneys for Defendants

                                         LVI Services, Inc., LVI Parent Corp., CHS
                                         Private Equity V LP, Scott E. State, Brian
                                         Simmons, Rajay Bagaria and Gerald J.
                                         Girardi

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that, on March 24, 2011, a true and correct copy of Scott E. State's Objections and Answers to Plaintiff's First Set of Interrogatories was served by electronic and Federal Express overnight delivery upon the following:

>Douglas H. Wigdor
>Thompson Widgor & Gilly LLP
>85 Fifth Avenue
>New York, New York 10003
>dwigdor@twglaw.com

_____
Joanne Seltzer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

| | |
|---|---|
| BURTON T. FRIED, | : ECF CASE |
| Plaintiff, | : No. 10 Civ. 9308 (JSR) |
| - against - | : **SCOTT E. STATE'S** |
| | : **VERIFICATION OF** |
| LVI SERVICES, INC.; LVI PARENT CORP., | : **INTERROGATORIES** |
| CODE HENNESSY SIMMONS LLC d/b/a/ CHS | |
| PRIVATE EQUITY V LP; APOLLO | |
| INVESTMENT CORP.; SCOTT E. STATE, in his | |
| official and individual capacities; BRIAN | |
| SIMMONS, in his official and individual | |
| capacities; RAJAY BAGARIA, in his official and | |
| individual capacities; GERALD J. GIRARDI, in his | |
| official | |
| and individual capacities, | |
| Defendants. | |

---------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

SCOTT E. STATE, being duly sworn, deposes and says:

1. I am President and CEO of LVI Services, Inc. and LVI Parent Corp.

2. I have read my Objections and Answers to Plaintiff's First Set of Interrogatories ("Defendant's Answers") and know the contents thereof, and the same are true to my own knowledge, or upon information and belief, and as to those matters, I believe them to be true.

3. The bases for my belief as to the truth of Defendant's Answers are my personal knowledge of pertinent events and my review of my records, correspondence and other writings.

_____
SCOTT E. STATE

Sworn to and subscribed before
me this ___ day of _____ 2011

_____
Notary Public

LARRY ROSING
Notary Public, State of New York
No. 01RO6106496
Qualified in Nassau County
My Commission Expires Mar. 08, 2012

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :  ECF CASE
BURTON T. FRIED,                         :
                                         :
                    Plaintiff,           :  No. 10 Civ. 9308 (JSR)
                                         :
          - against -                    :  **SCOTT E. STATE'S**
                                         :  **VERIFICATION OF**
LVI SERVICES, INC.; LVI PARENT CORP.,    :  **INTERROGATORIES**
CODE HENNESSY SIMMONS LLC d/b/a/ CHS     :
PRIVATE EQUITY V LP; APOLLO              :
INVESTMENT CORP.; SCOTT E. STATE, in his :
official and individual capacities; BRIAN :
SIMMONS, in his official and individual  :
capacities; RAJAY BAGARIA, in his official and :
individual capacities; GERALD J. GIRARDI, in his:
official                                 :
and individual capacities,               :
                                         :
                    Defendants.          :
---------------------------------------- X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

      SCOTT E. STATE, being duly sworn, deposes and says:

      1.    I am President and CEO of LVI Services, Inc. and LVI Parent Corp.

      2.    I have read my Objections and Answers to Plaintiff's First Set of Interrogatories ("Defendant's Answers") and know the contents thereof, and the same are true to my own knowledge, or upon information and belief, and as to those matters, I believe them to be true.

3. The bases for my belief as to the truth of Defendant's Answers are my personal knowledge of pertinent events and my review of my records, correspondence and other writings.

_____
SCOTT E. STATE

Sworn to and subscribed before
me this ?? day of April 2011

_____
Notary Public

LARRY ROSING
Notary Public, State of New York
No. 01RO6106496
Qualfiied in Nassau County
My Commission Expires Mar. 08, 2012