# Exhibit 29

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BURTON T. FRIED,
                Plaintiff,

v.

LVI SERVICES, INC., LVI PARENT CORP.,
CODE HENNESSY SIMMONS LLC d/b/a/ CHS
PRIVATE EQUITY V LP; APOLLO
INVESTMENT CORP.; SCOTT E. STATE, in his
official and individual capacities; BRIAN
SIMMONS, in his official and individual capacities;
RAJAY BAGARIA, in his official and individual
capacities; GERALD J. GIRARDI, in his official
and individual capacities,

                Defendants.
------------------------------------X

**ECF CASE**

No. 10 Civ. 9308 (JSR)

**GERALD GIRARDI'S REVISED OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Gerald Girardi ("Girardi"), by his attorneys, Sidley Austin LLP, submits his revised answers and makes his written objections to Plaintiff's First Set of Interrogatories (the "Interrogatories") as set forth below. Girardi's response to any of the Interrogatories is not, and shall not be construed as, an admission of the relevance or admissibility into evidence of any such response or of the propriety of any of Plaintiff's Interrogatories.

### GENERAL OBJECTIONS, COMMENTS AND QUALIFICATIONS

       In addition to the specific objections separately set forth in response to certain Interrogatories, Girardi asserts the following General Objections, which are incorporated into each specific answer and objection, whether or not specifically referred to therein.

1. Girardi objects to the "Definitions and Instructions" section of the Interrogatories to the extent that Plaintiff's definitions and instructions contradict or go beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York.

2. Girardi makes the objections and provides the answers contained herein without waiver of any right or privilege to object to the introduction into evidence, in this or any other action or proceedings, of any information contained in any of the documents or the introduction of any of the documents themselves, upon grounds of competency, relevancy, hearsay, authenticity or other proper grounds. Girardi reserves all rights to object to the use of any of the information produced (now or in the future) in response hereto, in any subsequent proceedings, including the trial of this or any other action. Girardi expressly reserves the right to object to further discovery into any subject matter in the Interrogatories. In responding, Girardi does not admit the factual or legal premise of any Interrogatory.

3. Girardi responds to the Interrogatories based on the best of its present knowledge, information and belief. Girardi's response is at all times subject to such additional or different information that discovery or further investigation may disclose. Girardi reserves the right to supplement and update its responses to the Interrogatories. Any supplemental response provided to the Interrogatories shall not function as a waiver of any privilege or objection Girardi has or may assert herein.

4. Girardi objects to the Interrogatories to the extent that they seek information that is subject to any claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the joint-defense privilege, and/or any other

2

applicable privileges. Girardi intends to and does claim such privilege(s) with respect to all such information.

These General Objections are incorporated into each of the responses set forth below and shall have the same force and effect as if set forth in full in response to each individual request.

\*    \*    \*

## SPECIFIC OBJECTIONS AND ANSWERS

**Interrogatory No. 1:**

Identify all person(s) with knowledge or information regarding the allegations as set forth in the Complaint.

**Objections to Interrogatory No. 1:**

Girardi objects to Request No. 1 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

**Answer to Interrogatory No. 1:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

Employees of Apollo who have knowledge or information regarding the allegations in the Complaint and/or Charge of Discrimination are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 2:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who participated in, or otherwise has information or knowledge concerning the reasons for, and the process leading to, the decision to transition Plaintiff's job duties to other LVI managers.

3

**Objections to Interrogatory No. 2:**

Girardi objects to Request No. 2 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "have information or knowledge concerning the reasons for, and the process leading to . . . transition Plaintiff's duties to other LVI managers" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 2:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

The Apollo employees who have knowledge of the reasons for Scott State's decision to transition Plaintiff's job duties to other LVI managers are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 3:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who have knowledge of the Employment Agreement between Plaintiff and LVI.

**Objections to Interrogatory No. 3:**

Girardi objects to Interrogatory No. 3 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

**Answer to Interrogatory No. 3:**

Without waiving the foregoing objection, and to the extent not objected to therein, Girardi answers:

4

The Apollo employees who have knowledge of the contents of the agreement dated November 16, 2005 between Plaintiff and LVI are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 4:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to replace Plaintiff's Employment Agreement with a consulting agreement.

**Objections to Interrogatory No. 4:**

Girardi objects to Interrogatory No. 4 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to the decision to replace Plaintiff's Employment Agreement with a consulting agreement" is vague, ambiguous and lacks sufficient precision to permit a response. Girardi further objects to Interrogatory No. 4 to the extent that it assumes facts that are not in evidence, such as a decision "to replace Plaintiff's Employment Agreement with a consulting agreement."

**Answer to Interrogatory No. 4:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

Apollo employees who have knowledge of the reasons for Scott State's decision to offer Plaintiff a consultant agreement are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 5:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to terminate Plaintiff's employment.

5

**Objections to Interrogatory No. 5:**

Girardi objects to Interrogatory No. 5 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who participated in, or otherwise have information or knowledge" is vague, ambiguous and lacks sufficient precision to permit a response.

**Answer to Interrogatory No. 5:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

Apollo employees who have knowledge the reasons for Scott State's decision to terminate Plaintiff's employment are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 6:**

Identify all directors, officers, partners, managers and/or employees of the Apollo and/or Parent who determined the terms and conditions of Plaintiff's employment, or otherwise have knowledge of the terms and conditions of Plaintiff's employment, including, but not limited to, the authority to set Plaintiff's compensation, enter into employment agreements with Plaintiff, and/or terminate Plaintiff's employment.

**Objections to Interrogatory No. 6:**

Girardi objects to Interrogatory No. 6 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who otherwise have knowledge" is vague, ambiguous, and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 6:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

Employees of Apollo who had knowledge of the terms and conditions of Plaintiff's employment at LVI are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 7:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who received any complaint, communication or report from Plaintiff, whether formal or informal, written or verbal, regarding any discriminatory actions taken against Plaintiff.

**Objections to Interrogatory No. 7:**

Girardi objects to Interrogatory No. 7 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. Girardi further objects to Interrogatory No. 7 to the extent that it assumes facts that are not in evidence.

**Answer to Interrogatory No. 7:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

Rajay Bagaria, Gerald Girardi and Edward Reynolds were present at the Board of Directors meeting in which Plaintiff raised a complaint of discrimination against Mr. State.

**Interrogatory No. 8:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who have knowledge of the remark about Plaintiff's age made to Plaintiff on or about October 19, 2010 by Defendant State.

**Objections to Interrogatory No. 8:**

Girardi objects to Interrogatory No. 8 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. Girardi further objects to Interrogatory No. 8 to the extent that it assumes facts that are not in evidence, such as the existence of a remark "about Plaintiff's age."

**Answer to Interrogatory No. 8:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

Rajay Bagaria, Edward Reynolds and Gerald Girardi were present at the Board of Directors meeting in which Plaintiff alleged that Scott State made a comment about Plaintiff's age.

**Interrogatory No. 9:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who participated in, or otherwise have knowledge of, the decision to hire Defendant State as Chief Executive Officer of the Company.

**Objections to Interrogatory No. 9:**

Girardi objects to Interrogatory No. 9 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who participate in the decision" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 9:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

The employees of Apollo who have knowledge of the reasons for the decision to hire Scott State as Chief Executive Officer of LVI are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 10:**

Identify all officers, directors, partners, managers and/or employees of Apollo who are common to the management, ownership, financial control and/or labor relations of Parent and/or have knowledge of the common management, ownership, financial control and/or labor relations of LVI and Apollo and Parent and Apollo.

**Objections to Interrogatory No. 10:**

Girardi objects to Interrogatory No. 10 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who are common to the management, ownership and/or labor relations" is vague, ambiguous and lacks sufficient precision to permit an answer. Girardi further objects to Interrogatory No. 10 to the extent it assumes facts that are not in evidence.

**Answer to Interrogatory No. 10:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

Rajay Bagaria and Gerald Girardi are members of the Parent's Board of Directors.

**Interrogatory No. 11:**

Identify all directors, officers, partners, managers and/or employees of Apollo who have knowledge in any way relating to Parent's control over the labor relations and personnel policies and practices of LVI.

**Objections to Interrogatory No. 11:**

Girardi objects to Interrogatory No. 11 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

9

For example, the phrase "who have knowledge in any way relating to" is vague, ambiguous and lacks sufficient precision to permit an answer. Girardi further objects to Interrogatory No. 11 to the extent it assumes facts that are not in evidence, such as any control by Parent over the labor relations and practices of LVI.

**Interrogatory No. 12:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who have knowledge concerning the agreement through which Apollo became an equity shareholder of Parent on or about October 8, 2010.

**Objections to Interrogatory No. 12:**

Girardi objects to Interrogatory No. 12 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who have knowledge in any way relating to" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 12:**

Without waiving the foregoing objections, and to the extent not objected to therein, Girardi answers:

The employees of Apollo who have knowledge of the agreement through which Apollo became an equity shareholder of Parent on or about October 8, 2010 are Rajay Bagaria, Gerald Girardi, James Zelter, Edward Reynolds, Patrick Dalton and Justin Sendak.

10

Dated: *April 11*, 2011

                                      SIDLEY AUSTIN LLP

                              By: *Joanne Seltzer*
                                    Nicholas H. De Baun
                                    Joanne Seltzer

                                    787 Seventh Avenue
                                    New York, New York 10019
                                    (212) 839-5300

                                    Attorneys for Defendants

                                    LVI Services, Inc., LVI Parent Corp., CHS Private Equity V LP, Scott E. State, Brian Simmons, Rajay Bagaria and Gerald J. Girardi

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, states, under penalty of perjury, that, on April 11, 2011, a true and correct copy of Gerald Girardi's Revised Objections and Answers to Plaintiff's First Set of Interrogatories was served by electronic and Federal Express overnight delivery upon the following:

> Douglas H. Wigdor
> Thompson Wigdor & Gilly LLP
> 85 Fifth Avenue
> New York, New York 10003
> dwigdor@twglaw.com

_____
Joanne Seltzer

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
: ECF CASE
BURTON T. FRIED, :
:
            Plaintiff, : No. 10 Civ. 9308 (JSR)
:
      - against - : **GERALD J. GIRARDI'S**
: **VERIFICATION OF**
LVI SERVICES, INC.; LVI PARENT CORP., : **INTERROGATORIES**
CODE HENNESSY SIMMONS LLC d/b/a/ CHS :
PRIVATE EQUITY V LP; APOLLO :
INVESTMENT CORP.; SCOTT E. STATE, in his :
official and individual capacities; BRIAN :
SIMMONS, in his official and individual :
capacities; RAJAY BAGARIA, in his official and :
individual capacities; GERALD J. GIRARDI, in his:
official :
and individual capacities, :
:
           Defendants. :
------------------------------------X

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

      GERALD J. GIRARDI, being duly sworn, deposes and says:

      1.    I am a member of the Board of Directors of LVI Parent Corp.

      2.    I have read my Revised Objections and Answers to Plaintiff's First Set of Interrogatories ("Defendant's Answers") and know the contents thereof, and the same are true to my own knowledge, or upon information and belief, and as to those matters, I believe them to be true.

3. The bases for my belief as to the truth of Defendant's Answers are my personal knowledge of pertinent events, my review of my records, correspondence and other writings, and conversations I have had.

GERALD J. GIRARDI

Sworn to and subscribed before me this __ day of ____ 2011

_____
Notary Public

**LYDIA ELLIOTT**
Notary Public, State of New York
No. 01EL6113939
Qualified in Nassau County
Commission Expires August 9, 2012