# Exhibit 30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :  ECF CASE
BURTON T. FRIED,                    :
                  Plaintiff,        :
                                    :  No. 10 Civ. 9308 (JSR)
       v.                           :
                                    :  **RAJAY BAGARIA'S REVISED**
LVI SERVICES, INC., LVI PARENT CORP., : **OBJECTIONS AND ANSWERS TO**
CODE HENNESSY SIMMONS LLC d/b/a/ CHS : **PLAINTIFF'S FIRST SET OF**
PRIVATE EQUITY V LP; APOLLO         :  **INTERROGATORIES**
INVESTMENT CORP.; SCOTT E. STATE, in his ::
official and individual capacities; BRIAN
SIMMONS, in his official and individual capacities;
RAJAY BAGARIA, in his official and individual
capacities; GERALD J. GERARDI, in his official
and individual capacities,

                  Defendants.
------------------------------------X

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Rajay Bagaria ("Bagaria"), by his attorneys, Sidley Austin LLP, submits his revised answers and makes his written objections to Plaintiff's First Set of Interrogatories (the "Interrogatories") as set forth below. Bagaria's response to any of the Interrogatories is not, and shall not be construed as, an admission of the relevance or admissibility into evidence of any such response or of the propriety of any of Plaintiff's Interrogatories.

## GENERAL OBJECTIONS, COMMENTS AND QUALIFICATIONS

In addition to the specific objections separately set forth in response to certain Interrogatories, Bagaria asserts the following General Objections, which are incorporated into each specific answer and objection, whether or not specifically referred to therein.

1.  Bagaria objects to the "Definitions and Instructions" section of the Interrogatories to the extent that Plaintiff's definitions and instructions contradict or go beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York.

2.  Bagaria makes the objections and provides the answers contained herein without waiver of any right or privilege to object to the introduction into evidence, in this or any other action or proceedings, of any information contained in any of the documents or the introduction of any of the documents themselves, upon grounds of competency, relevancy, hearsay, authenticity or other proper grounds. Bagaria reserves all rights to object to the use of any of the information produced (now or in the future) in response hereto, in any subsequent proceedings, including the trial of this or any other action. Bagaria expressly reserves the right to object to further discovery into any subject matter in the Interrogatories. In responding, Bagaria does not admit the factual or legal premise of any Interrogatory.

3.  Bagaria responds to the Interrogatories based on the best of his present knowledge, information and belief. Bagaria's response is at all times subject to such additional or different information that discovery or further investigation may disclose. Bagaria reserves the right to supplement and update his responses to the Interrogatories. Any supplemental response provided to the Interrogatories shall not function as a waiver of any privilege or objection Bagaria has or may assert herein.

4.  Bagaria objects to the Interrogatories to the extent that they seek information that is subject to any claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the joint-defense privilege, and/or any other

applicable privileges. Bagaria intends to and does claim such privilege(s) with respect to all such information.

These General Objections are incorporated into each of the responses set forth below and shall have the same force and effect as if set forth in full in response to each individual request.

\*       \*       \*

## SPECIFIC OBJECTIONS AND ANSWERS

**Interrogatory No. 1:**

Identify all person(s) with knowledge or information regarding the allegations as set forth in the Complaint.

**Objections to Interrogatory No. 1:**

Bagaria objects to Request No. 1 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

**Answer to Interrogatory No. 1:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

Employees of Apollo who have knowledge or information regarding the allegations in the Complaint and/or Charge of Discrimination are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 2:**

Identify all directors, officers, partners, managers and/or employees of any of the Apollo and/or Parent who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to transition Plaintiff's job duties to other LVI managers.

3

**Objections to Interrogatory No. 2:**

Bagaria objects to Request No. 2 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "have information or knowledge concerning the reasons for, and the process leading to . . . transition Plaintiff's duties to other LVI managers" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 2:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

The Apollo employees who have knowledge of the reasons for Scott State's decision to transition Plaintiff's job duties to other LVI managers are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 3:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who have knowledge of the Employment Agreement between Plaintiff and LVI.

**Objections to Interrogatory No. 3:**

Bagaria objects to Interrogatory No. 3 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

**Answer to Interrogatory No. 3:**

Without waiving the foregoing objection, and to the extent not objected to therein, Bagaria answers:

4

The Apollo employees who have knowledge of the contents of the agreement dated November 16, 2005 between Plaintiff and LVI are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 4:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to replace Plaintiff's Employment Agreement with a consulting agreement.

**Objections to Interrogatory No. 4:**

Bagaria objects to Interrogatory No. 4 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to the decision to replace Plaintiff's Employment Agreement with a consulting agreement" is vague, ambiguous and lacks sufficient precision to permit a response. Bagaria further objects to Interrogatory No. 4 to the extent that it assumes facts that are not in evidence, such as a decision "to replace Plaintiff's Employment Agreement with a consulting agreement."

**Answer to Interrogatory No. 4:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

Apollo employees who have knowledge of the reasons for Scott State's decision to offer Plaintiff a consultant agreement are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 5:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who participated in, or otherwise have information or knowledge concerning the reasons for, and the process leading to, the decision to terminate Plaintiff's employment.

5

**Objections to Interrogatory No. 5:**

Bagaria objects to Interrogatory No. 5 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who participated in, or otherwise have information or knowledge" is vague, ambiguous and lacks sufficient precision to permit a response.

**Answer to Interrogatory No. 5:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

Apollo employees who have knowledge the reasons for Scott State's decision to terminate Plaintiff's employment are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 6:**

Identify all directors, officers, partners, managers and/or employees of the Apollo and/or Parent who determined the terms and conditions of Plaintiff's employment, or otherwise have knowledge of the terms and conditions of Plaintiff's employment, including, but not limited to, the authority to set Plaintiff's compensation, enter into employment agreements with Plaintiff, and/or terminate Plaintiff's employment.

**Objections to Interrogatory No. 6:**

Bagaria objects to Interrogatory No. 6 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who otherwise have knowledge" is vague, ambiguous, and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 6:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

Employees of Apollo who had knowledge of the terms and conditions of Plaintiff's employment at LVI are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 7:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who received any complaint, communication or report from Plaintiff, whether formal or informal, written or verbal, regarding any discriminatory actions taken against Plaintiff.

**Objections to Interrogatory No. 7:**

Bagaria objects to Interrogatory No. 7 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. Bagaria further objects to Interrogatory No. 7 to the extent that it assumes facts that are not in evidence.

**Answer to Interrogatory No. 7:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

Rajay Bagaria, Edward Reynolds and Gerald Girardi were present at the Board of Directors meeting in which Plaintiff raised a complaint of discrimination against Mr. State.

**Interrogatory No. 8:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who have knowledge of the remark about Plaintiff's age made to Plaintiff on or about October 19, 2010 by Defendant State.

**Objections to Interrogatory No. 8:**

Bagaria objects to Interrogatory No. 8 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. Bagaria further objects to Interrogatory No. 8 to the extent that it assumes facts that are not in evidence, such as the existence of a remark "about Plaintiff's age."

**Answer to Interrogatory No. 8:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

Rajay Bagaria, Edward Reynolds and Gerald Girardi were present at the Board of Directors meeting in which Plaintiff alleged that Scott State made a comment about Plaintiff's age.

**Interrogatory No. 9:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who participated in, or otherwise have knowledge of, the decision to hire Defendant State as Chief Executive Officer of the Company.

**Objections to Interrogatory No. 9:**

Bagaria objects to Interrogatory No. 9 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who participate in the decision" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 9:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

The employees of Apollo who have knowledge of the reasons for the decision to hire Scott State as Chief Executive Officer of LVI are Rajay Bagaria and Gerald Girardi.

**Interrogatory No. 10:**

Identify all officers, directors, partners, managers and/or employees of Apollo who are common to the management, ownership, financial control and/or labor relations of Parent and/or have knowledge of the common management, ownership, financial control and/or labor relations of LVI and Apollo and Parent and Apollo.

**Objections to Interrogatory No. 10:**

Bagaria objects to Interrogatory No. 10 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who are common to the management, ownership and/or labor relations" is vague, ambiguous and lacks sufficient precision to permit an answer. Bagaria further objects to Interrogatory No. 10 to the extent it assumes facts that are not in evidence.

**Answer to Interrogatory No. 10:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

Rajay Bagaria and Gerald Girardi are members of the Parent's Board of Directors.

**Interrogatory No. 11:**

Identify all directors, officers, partners, managers and/or employees of Apollo who have knowledge in any way relating to Parent's control over the labor relations and personnel and practices of LVI.

**Objections to Interrogatory No. 11:**

Bagaria objects to Interrogatory No. 11 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information.

9

For example, the phrase "who have knowledge in any way relating to" is vague, ambiguous and lacks sufficient precision to permit an answer. Bagaria further objects to Interrogatory No. 11 to the extent it assumes facts that are not in evidence, such as any control by Parent over the labor relations and practices of LVI.

**Interrogatory No. 12:**

Identify all directors, officers, partners, managers and/or employees of Apollo and/or Parent who have knowledge concerning the agreement through which Apollo became an equity shareholder of Parent on or about October 8, 2010.

**Objections to Interrogatory No. 12:**

Bagaria objects to Interrogatory No. 12 to the extent it is vague, ambiguous, overly broad, unduly burdensome, calls for the production of extensive information which has no bearing on Plaintiff's claims, and is not likely to lead to the discovery of relevant information. For example, the phrase "who have knowledge in any way relating to" is vague, ambiguous and lacks sufficient precision to permit an answer.

**Answer to Interrogatory No. 12:**

Without waiving the foregoing objections, and to the extent not objected to therein, Bagaria answers:

The employees of Apollo who have knowledge of the agreement through which Apollo became an equity shareholder of Parent on or about October 8, 2010 are Rajay Bagaria, Gerald Girardi, James Zelter, Edward Reynolds, Patrick Dalton and Justin Sendak.

Dated: *April 11*, 2011

                        SIDLEY AUSTIN LLP

                        By: *[signature]*
                            Nicholas H. De Baun
                            Joanne Seltzer

                        787 Seventh Avenue
                        New York, New York 10019
                        (212) 839-5300

                        Attorneys for Defendants

                        LVI Services, Inc., LVI Parent Corp., CHS Private Equity V LP, Scott E. State, Brian Simmons, Rajay Bagaria and Gerald J. Girardi

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, states, under penalty of perjury that, on April 11, 2011, a true and correct copy of Rajay Bagaria's Objections and Answers to Plaintiff's First Set of Interrogatories was served by electronic and Federal Express overnight delivery upon the following:

> Douglas H. Wigdor
> Thompson Wigdor & Gilly LLP
> 85 Fifth Avenue
> New York, New York 10003
> dwigdor@twglaw.com

_____
Joanne Seltzer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
:    ECF CASE
BURTON T. FRIED,                       :
                                       :
            Plaintiff,                 :    No. 10 Civ. 9308 (JSR)
                                       :
        - against -                    :    **RAJAY BAGARIA'S**
                                       :    **VERIFICATION OF**
LVI SERVICES, INC.; LVI PARENT CORP.,  :    **INTERROGATORIES**
CODE HENNESSY SIMMONS LLC d/b/a/ CHS   :
PRIVATE EQUITY V LP; APOLLO            :
INVESTMENT CORP.; SCOTT E. STATE, in his :
official and individual capacities; BRIAN :
SIMMONS, in his official and individual :
capacities; RAJAY BAGARIA, in his official and :
individual capacities; GERALD J. GIRARDI, in his :
official                               :
and individual capacities,             :
                                       :
            Defendants.                :
---------------------------------------X

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NEW YORK        )

   RAJAY BAGARIA, being duly sworn, deposes and says:

   1.   I am a member of the Board of Directors of LVI Parent Corp.

   2.   I have read my Revised Objections and Answers to Plaintiff's First Set of Interrogatories ("Defendant's Answers") and know the contents thereof, and the same are true to my own knowledge, or upon information and belief, and as to those matters, I believe them to be true.

3. The bases for my belief as to the truth of Defendant's Answers are my personal knowledge of pertinent events, my review of my records, correspondence and other writings, and conversations I have had.

_____
RAJAY BAGARIA

Sworn to and subscribed before
me this ___ day of _____, 2011

_____
Notary Public

**LYDIA ELLIOTT**
Notary Public, State of New York
No. 01EL6113939
Qualified in Nassau County
Commission Expires August 9, 2012

2