# Exhibit 43

1.  **Fried Resides and Works in Connecticut**

In his Complaint, Fried unambiguously states that, during the past seven years of his employment with LVI, he has "worked from the Company's corporate Connecticut satellite office in Westport." (Compl., ¶ 27.) Fried also states in his Complaint that he is a resident of the State of Connecticut. (Compl., ¶ 15.)[9]

The NYCHRL expressly limits the applicability of its protections to acts that occur within the boundaries of New York City. See N.Y.C. Admin. Code § 2-201. See also Casper v. Lew Lieberbaum & Co., Inc., No. 97 Civ. 3016, 1998 WL 150993, at *4 (S.D.N.Y. Mar. 31, 1998). To determine the location of the discrimination, courts have looked to the location of the impact of the adverse action on the plaintiff. Salvatore v. KLM Dutch Airlines, No. 98 Civ. 2450, 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1999); Casper, 1998 WL 150993, at *4. In order to state a claim under the NYCHRL, Fried must show more than that LVI's headquarters are located in New York City or that the decision to offer him a consultancy in place of his employment was made in New York City. Instead, he must prove that the decision impacted *him* in New York City, which he cannot do in light of his admission that he lived and worked in Connecticut at all relevant times. See Casper, 1998 WL 150993, at *4 (finding the NYCHRL inapplicable to an employee who worked in Garden City, Long Island, even though the defendant had an office in New York City); Germano v. Cornell Univ., No. 03 Civ. 9766, 2005 WL 2030355, at *5 (S.D.N.Y. Aug. 17, 2005) (dismissing the plaintiff's NYCHRL claim even when the decision to pressure him to retire was made in New York City because the decision impacted him in his place of employment on Long Island).

---

[9] Tellingly, on May 16, 2011, Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CCHR"), implicitly conceding that the NYCHRL does not govern his claim. (Seltzer Aff., Exh. DD.)

16